IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EZELL A. CURRY, No. 087025-025, )
)
        Petitioner/Defendant, )
)
vs. ) CIVIL NO. 12-cv-897
)
UNITED STATES of AMERICA, ) CRIMINAL NO. 09-cr-30149
)
        Respondent/Plaintiff. )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

    On October 28, 2010, petitioner pled guilty to two counts of distribution of crack cocaine, in violation of 18 U.S.C. § 841(a)(1) and § 841(b)(1)(C). There was no written plea agreement (Docs. 18, 19 in criminal case). The undersigned Judge sentenced him on February 4, 2011, to 188 months imprisonment, six years supervised release, a $400 fine, and a $200 special assessment (Docs. 26, 28 in criminal case). This Court found that petitioner qualified for sentencing as a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1(a), because he had prior state convictions for a crime of violence and for a separate drug offense. On direct appeal of his sentence, petitioner challenged this Court's refusal to disregard the career-offender sentencing guidelines, and argued that those guidelines should not be followed because they were not based on careful

study or empirical research. *United States v. Curry*, 436 F. App'x 690 (7th Cir. 2011). His sentence was affirmed.

The instant § 2255 motion (Doc. 1) was timely filed on August 13, 2012. In it, petitioner raises only one ground for relief: that this Court lacked jurisdiction to use his prior state convictions to enhance his federal sentence. He reasons that because his prior convictions "took place in [the] territory of [the] Sovereign State of Illinois, and in no way invoked or violate[d] any law against the United States of America" that this Federal District Court lacks subject matter jurisdiction to sentence him as a career offender based on those state convictions (Doc. 1-1, p. 3). He claims that the use of USSG § 4B1.1 to enhance his sentence based on the state convictions is unconstitutional, in violation of the Ninth and Tenth Amendments (Doc. 1-1, p. 5). In essence, he argues that this Court should turn a blind eye to any prior state criminal convictions, and is authorized only to consider prior federal convictions when imposing a sentence for a federal crime. In addition to defying common sense, this is not the law.

The definitions contained in the USSG clearly explain which prior convictions are to be considered. Immediately following USSG § 4B1.1, which sets forth the career offender sentencing guidelines, is USSG § 4B1.2. Section 4B1.2 is entitled "Definitions of Terms Used in Section 4B1.1" and reads, in pertinent part, as follows:

> **(a)** The term "crime of violence" means any offense *under federal or state law*, punishable by imprisonment for a term exceeding one year, that--
>
> **(1)** has as an element the use, attempted use, or threatened use of

> physical force against the person of another . . . .
>
> **(b)** The term "controlled substance offense" means an offense *under federal or state law*, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2 (emphasis added).

This language unequivocally directs that any state conviction for an offense that meets the definition of a "crime of violence" or a "controlled substance offense" is to be considered when the court makes its calculation of the advisory sentencing guidelines under the USSG.

Moreover, the Sentencing Reform Act of 1984 (28 U.S.C. § 991 *et seq.*) has withstood constitutional challenges. See *Mistretta v. United States*, 488 U.S. 361 (1989) (finding federal sentencing guidelines and Congress' delegation of authority to the U.S. Sentencing Commission are constitutional); see also *United States v. Booker*, 543 U.S. 220 (2005) (upholding constitutionality of guidelines but rendering them advisory in nature). The instant motion provides no grounds for this Court to depart from these decisions.

As noted by the court of appeals, the undersigned Judge appropriately recognized the Court's discretion to deviate from the sentencing guidelines, and adequately explained the reasoning behind the sentence imposed. *United States v. Curry*, 436 F. App'x 690, 691 (7th Cir. 2011). Moreover, contrary to his argument in the instant motion, petitioner conceded in his appeal that "he has the

required two prior felony convictions of a crime of violence and a controlled substance offense" for the career criminal enhancement to apply. *Curry*, 436 F. App'x at 692.

For these reasons, the motion fails to survive preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and shall be dismissed.

### Certificate of Appealability

Should a petitioner appeal a district court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability from the district court or the court of appeals. See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, the applicant may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1).

For the reasons above, the Court **FINDS** that petitioner has not stated any grounds for relief under § 2255. And the Court finds no basis for believing that

reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Thus, petitioner has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will **NOT** be issued.

**Disposition**

Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. 1) fails to raise any grounds upon which petitioner may be entitled to relief. Accordingly, the motion is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: September 14, 2012**

David R. Herndon
2012.09.14
06:47:17 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**